1 | **WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP**
Don Springmeyer
2 | Nevada Bar No. 1021
Bradley S. Schrager
3 | Nevada Bar No. 10217
Justin C. Jones
4 | Nevada Bar No. 8519
3556 E. Russell Road, Second Floor
5 | Las Vegas, Nevada 89120
(702) 341-5200/Fax: (702) 341-5300
6 | dspringmeyer@wrslawyers.com
bschrager@wrslawyers.com
7 | jjones@wrslawyers.com
*Attorneys for Plaintiffs*
8 | *(Additional counsel appear on signature page)*

9 |                 **UNITED STATES DISTRICT COURT**

10 |                      **DISTRICT OF NEVADA**

11 | MAUREEN CLARK and SONYA                    Case No.:
ALEXANDER**,** individually, and on behalf of all
12 | others similarly situated,                 **COLLECTIVE AND CLASS ACTION**
                                               **COMPLAINT WITH JURY DEMAND**
13 |                 Plaintiffs,

14 | vs.

15 | BANK OF AMERICA CORPORATION**,**

16 |                 Defendant.

17 |          Plaintiffs, Maureen Clark and Sonya Alexander, individually and on behalf of all others

18 | similarly situated, by and through their attorneys, hereby bring this Collective and Class Action

19 | Complaint against Defendant, Bank of America Corporation, and state as follows:

20 |                            **INTRODUCTION**

21 |          1.      This is a collective and class action brought pursuant to 29 U.S.C. § 216(b) and

22 | Fed. R. Civ. P. 23 by Plaintiffs, Maureen Clark and Sonya Alexander (hereinafter referred to as

23 | "Plaintiffs"), individually and on behalf of all similarly situated persons employed by Defendant,

24 | Bank of America Corporation (hereinafter referred to as "Bank of America" or "Defendant"),

25 | arising from Defendant's willful violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §

26 | 201, *et seq.*, Nev. Rev. Stat. (hereinafter "N.R.S.") §§ 608.016, 608.018, and 608.260, and common

27 | law.

28 |

2.      Plaintiffs were employed by Defendant as hourly call center agents ("Agents").

3.      The U.S. Department of Labor recognizes that call center jobs, like those held by Defendant's Agents, are homogenous and it issued Fact Sheet #64 in July 2008 to alert call center employees to some of the abuses which are prevalent in the industry.

4.      One of those abuses, which are at issue in this case, is the employer's refusal to pay for work "from the beginning of the first principal activity of the workday to the end of the last principal activity of the workday." *Id*.

5.      More specifically, Fact Sheet #64 condemns an employer's non-payment of an employee's necessary pre-shift activities: "An example of the first principal activity of the day for agents/specialists/representatives working in call centers includes starting the computer to download work instructions, computer applications and work-related emails."   Additionally, the FLSA requires that "[a] daily or weekly record of all hours worked, including time spent in pre-shift and post-shift job-related activities must be kept." *Id*.

6.      Defendant failed to pay Plaintiffs and all similarly situated employees for their pre-shift time spent booting up their computers, logging into required computer software applications, and reviewing work-related e-mails and other information.

## JURISDICTION AND VENUE

7.      This Court has subject-matter jurisdiction over Plaintiffs' FLSA claim pursuant to 28 U.S.C. § 1331 because Plaintiffs' claim raises a federal question under 29 U.S.C. § 201, et seq.

8.      Additionally, this Court has jurisdiction over Plaintiffs' collective action FLSA claim pursuant to 29 U.S.C. § 216(b), which provides that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction."

9.      Defendant's annual sales exceed $500,000 and it has more than two employees, so the FLSA applies in this case on an enterprise basis.  Defendant's Agents engage in interstate commerce and therefore they are also covered by the FLSA on an individual basis.

10.     This Court has jurisdiction over Plaintiffs' state law class claims pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d). The aggregate claims of the individual Class members exceed the sum value of $5,000,000 exclusive of interest and costs, there are

believed to be in excess of 100 Class members, and this is a case in which more than two-thirds of the proposed Class members and Defendant are citizens of different states.

11.    A private party may also bring an action for damages for violations of N.R.S. §§ 608.016, 608.018. Plaintiffs' state claims originate from the same facts that form the basis of their federal claims. The court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

12.    This Court has personal jurisdiction over Defendant because it does business within the state of Nevada and is registered with the Nevada Department of the Secretary of State (Business ID: NV20151417724).

13.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant employs Agents in this district, and a substantial portion of the events that give rise to the Plaintiffs' claims occurred in this district.

**PARTIES**

14.    Plaintiff Maureen Clark is a resident of Las Vegas, Nevada, and was employed by Defendant as an hourly customer service agent from April 1999 to May 2016.  Plaintiff Clark signed a consent form to join this lawsuit, which is attached as ***Exhibit A***.

15.    Plaintiff Sonya Alexander is a resident of Las Vegas, Nevada, and was employed by Defendant as an hourly customer service agent from June 2005 to December 2015. Plaintiff Alexander signed a consent form to join this lawsuit, which is attached as ***Exhibit B***.

16.    Defendant operates and has operated "call centers" in Las Vegas and other locations across the country where telephone-dedicated employees—customer service agents—handle phone calls regarding banking and investment services offered by Defendant to its customers.

17.    Defendant is a Delaware corporation with its headquarters located in Charlotte, North Carolina. While Defendant employs customer service representatives in Nevada, it does not maintain a registered agent in the state. Thus, Defendant's registered agent for service of process in this case is the CT Corporation System, 150 Fayetteville St., Ste. 1011, Raleigh, NC 27601.

COLLECTIVE AND CLASS ACTION COMPLAINT

## GENERAL ALLEGATIONS

18.     Defendant employed Plaintiff Maureen Clark as a full-time Agent at its brick-and-mortar call center location in Las Vegas, Nevada from April 1999 to May 2016.  Plaintiff typically worked a shift that began at 7:15 a.m. and concluded at 4:00 p.m. and her most recent hourly rate was $16.98 per hour.

19.     Defendant employed Plaintiff Sonya Alexander as a full-time Agent at its brick-and-mortar location in Las Vegas, Nevada from June 2005 to December 2015.  Plaintiff typically worked a shift that began at 7:15 a.m. and concluded at 4:00 p.m. and her most recent hourly rate was $16.90 per hour.

20.     Plaintiffs and other Agents perform the following duties and tasks: responding to client inquiries regarding account balances, account activity, and interest rates; assisting clients with online technical issues; and explaining and processing client transactions.

21.     In order to perform their jobs, Plaintiffs and other Agents were required to boot up and log in to various computer programs, software programs, and applications in order to access required information and software. The boot-up/log-in process took substantial time on a daily basis ranging from 5 to 10 minutes per day, and up to 30 minutes on days where their computers were not working properly.

22.     However, Plaintiffs were not actually "clocked in" for their shifts until *after* the computer boot-up/log-in process was complete, meaning that Plaintiffs and all other Agents worked at least 5 to 10 minutes each per shift that they were never compensated for.

23.     The off-the-clock time Plaintiffs spend booting up computers and logging into software applications directly benefitted Defendant.

24.     This boot-up/log-in process was an essential part of Plaintiffs' job responsibilities as Agents.

25.     At all relevant times, Defendant controlled Plaintiffs' and other Agents' work schedule, duties, protocols, applications, assignments and employment conditions.

26.     Despite seeing and knowing that Plaintiffs and other Agents performed work at their work stations prior to their scheduled shift time start, Defendant and its managers on the floor of

the call center did not make any effort to stop or otherwise disallow this pre-shift work and instead allowed and permitted it to happen.

27.     Defendant possesses, controls and/or has access to information and electronic data that shows the times Plaintiffs and other Agents booted up and logged into their computers each day and the time they logged into their telephone systems.

28.     At all relevant times, Defendant was able to track the amount of time that Plaintiffs and other Agents spent in connection with the preliminary boot-up/log-in process; however, Defendant failed to pay Plaintiffs and the putative Class for the preliminary boot-up/log-in process in connection with each shift.

29.     At all relevant times, Defendant used its adherence and attendance policies against Plaintiffs and other Agents. Specifically, Defendant disciplined Agents if they were not logged into their phones and ready to handle calls by the start of their scheduled shift time.

30.     These policies coerced Agents, including Plaintiffs, into coming in early to boot up their computers, initialize their software programs and read company e-mails and instructions prior to their start of their scheduled shift time.

31.     Defendant did not instruct Plaintiffs and other Agents to not log into their computers or telephone, or to not read company e-mails, prior to the start of their scheduled shift time. Rather, Defendant required, permitted and/or allowed Plaintiffs and other Agents to work prior to their scheduled shift time.

32.     At all relevant times, Defendant's policies and practices deprived Plaintiffs and other Agents of wages owed for the preliminary work activities described above. Because Plaintiffs and other Agents often worked 40 hours or more in a workweek, Defendant's pay practices also deprived them of overtime pay at a rate of 1.5 times their regular rate of pay. Additionally, Defendant's practices deprived Plaintiffs and other Agents who worked in Nevada of overtime pay at a rate of 1.5 times their regular rate of pay for all hours worked in excess of 8 hours per day, as required under Nevada law.

COLLECTIVE AND CLASS ACTION COMPLAINT

33.     An example of a specific workweek where Defendant failed to pay Plaintiff Maureen Clark overtime for hours worked in excess of 40 hours (as mandated by the FLSA and Nevada law) includes the following:

> Pay period ending November 1, 2013:

>> ➢ Plaintiff was paid for 80.0 hours over ten (10) shifts plus 5.35 overtime hours (***Exhibit C***).

>> ➢ With pre-shift time of 5-10 minutes per shift, Plaintiff should have been paid an additional 50 to 100 minutes at her overtime rate of $24.74 for this two-week pay period.

34.     Defendant does not allow its Agents to use Defendant's phones and computers for any personal use. Additionally, Defendant generally prohibits and does not allow Agents to use their own personal cell phones on the call center floor. Under Defendant's policies and practices, Agents are required to store their personal cell phones during the work day and can generally only use them on breaks while off the call center floor.

35.     Defendant is a leader in its field, employs thousands of Agents, and knew or should have known that Plaintiffs and other Agents' time spent in connection with the preliminary boot-up/log-in process is compensable under the FLSA, N.R.S. §§ 608.016, 608.018, and 608.260, and common law.

## COLLECTIVE ACTION ALLEGATIONS

36.     Plaintiffs bring this action pursuant to 29 U.S.C. § 216(b) of the FLSA on their own behalf and on behalf of:

> *All current and former hourly customer service agents who worked for Defendant at any time after September 20, 2013.*

(hereinafter referred to as the "Collective"). Plaintiffs reserve the right to amend this definition as necessary.

37.     Excluded from the proposed Collective are Defendant's executives, administrative, and professional employees, including computer professionals and outside sales persons.

38.     With respect to the claims set forth in this action, a collective action under the FLSA is appropriate because the employees described above are "similarly situated" to Plaintiffs under 29

U.S.C. § 216(b).  The class of employees on behalf of whom Plaintiffs bring this collective action are similarly situated because: (a) they have been or are employed in the same or similar positions; (b) they were or are subject to the same or similar unlawful practices, policy, or plan; and (c) their claims are based upon the same factual and legal theories.

39.     The employment relationships between Defendant and every Collective member is the same and differ only by name, location, and rate of pay. The key issues – whether Defendant failed to pay Agents for preliminary boot-up/log-in time and whether such time is compensable – do not vary substantially among the Collective members.

40.     Plaintiffs estimate the Collective, including both current and former employees over the relevant period, will include several thousand members. The precise number of Collective members should be readily available from a review of Defendant's personnel and payroll records.

## RULE 23 NEVADA CLASS ACTION ALLEGATIONS

41.     Plaintiffs bring this action pursuant to Fed R. Civ. P. 23(b)(2) and (b)(3) on their own behalf and on behalf of:

*All current and former hourly customer service agents who worked for Defendant in Nevada at any time after September 20, 2014.*

(hereinafter referred to as the "Rule 23 Nevada Class").  Plaintiffs reserve the right to amend this definition as necessary.

42.     The members of the Rule 23 Nevada Class are so numerous that joinder of all Rule 23 Nevada Class members in this case would be impractical. Plaintiffs reasonably estimate that there are hundreds of Rule 23 Nevada Class members. Rule 23 Nevada Class members should be easy to identify from Defendant's computer systems and electronic payroll and personnel records.

43.     There is a well-defined community of interest among Rule 23 Nevada Class members and common questions of law and fact predominate in this action over any questions affecting individual members of the Rule 23 Nevada Class.   These common legal and factual questions, include, but are not limited to, the following:

> a.   Whether the preliminary time Rule 23 Nevada Class members spend on boot-up/log-in activities prior to "clocking in" for each shift is compensable time; and

b.  Whether Rule 23 Nevada Class members are owed overtime (above the federally mandated overtime wages due under the FLSA) for time spent performing preliminary work activities, and if so, the appropriate amount thereof.

44.     Plaintiffs' claims are typical of those of the Rule 23 Nevada Class in that they and all other Rule 23 Nevada Class members suffered damages as a direct and proximate result of the Defendant's common and systemic payroll policies and practices.  Plaintiffs' claims arise from the same policies, practices, promises and course of conduct as all other Rule 23 Nevada Class members' claims and her legal theories are based on the same legal theories as all other Rule 23 Nevada Class members.

45.     Plaintiffs will fully and adequately protect the interests of the Rule 23 Nevada Class and they have retained counsel who are qualified and experienced in the prosecution of nationwide wage and hour class actions. Neither Plaintiffs nor their counsel have interests that are contrary to, or conflicting with, the interests of the Rule 23 Nevada Class.

46.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy, because, *inter alia*, it is economically infeasible for Rule 23 Nevada Class members to prosecute individual actions of their own given the relatively small amount of damages at stake for each individual along with the fear of reprisal by their employer. Prosecution of this case as a Rule 23 Class action will also eliminate the possibility of duplicative lawsuits being filed in state and federal courts throughout the nation.

47.     This case will be manageable as a Rule 23 Class action. Plaintiffs and their counsel know of no unusual difficulties in this case and Defendant has advanced, networked computer and payroll systems that will allow the class, wage, and damages issues in this case to be resolved with relative ease.

48.     Because the elements of Rule 23(b)(3) are satisfied in this case, class certification is appropriate.  *Shady Grove Orthopedic Assoc., P.A. v. Allstate Ins. Co.*, 559 U.S. 393; 130 S. Ct. 1431, 1437 (2010) ("[b]y its terms [Rule 23] creates a categorical rule entitling a plaintiff whose suit meets the specified criteria to pursue his claim as a class action").

49.     Because Defendant acted and refused to act on grounds that apply generally to the Rule 23 Nevada Class and declaratory relief is appropriate in this case with respect to the Rule 23 Nevada Class as a whole, class certification pursuant to Rule 23(b)(2) is also appropriate.

### RULE 23 NATIONWIDE CLASS ACTION ALLEGATIONS

50.     Plaintiffs bring this action pursuant to Fed R. Civ. P. 23(b)(2) and (b)(3) on their own behalf and on behalf of:

> *All current and former hourly customer service agents who worked for Defendant at any time after September 20, 2012.*

(hereinafter referred to as the "Rule 23 Nationwide Class").  Plaintiffs reserve the right to amend this definition as necessary.

51.     The members of the Rule 23 Nationwide Class are so numerous that joinder of all Rule 23 Nationwide Class members in this case would be impractical.  Plaintiffs reasonably estimate there are thousands of Rule 23 Nationwide Class members. Rule 23 Nationwide Class members should be easy to identify from Defendant's computer systems and electronic payroll and personnel records.

52.     There is a well-defined community of interest among Rule 23 Nationwide members and common questions of law and fact predominate in this action over any questions affecting individual members of the Rule 23 Nationwide Class.  These common legal and factual questions, include, but are not limited to, the following:

> a.   Whether the preliminary time Rule 23 Nationwide Class members spend on boot-up/log-in activities prior to "clocking in" for each shift is compensable time; and

> b.   Whether Defendant's non-payment of wages for all compensable time amounts to a breach of contract.

53.     Plaintiffs' claims are typical of those of the Rule 23 Nationwide Class in that they and all other Rule 23 Nationwide Class members suffered damages as a direct and proximate result of the Defendant's common and systemic payroll policies and practices.  Plaintiffs' claims arise from the same pay policies, practices, promises and course of conduct as all other Rule 23

Nationwide Class members' claims and her legal theories are based on the same legal theories as all other Rule 23 Nationwide Class members.

54.     Plaintiffs will fully and adequately protect the interests of the Rule 23 Nationwide Class and have retained counsel who are qualified and experienced in the prosecution of nationwide wage and hour class actions. Neither Plaintiffs nor their counsel have interests that are contrary to, or conflicting with, the interests of the Rule 23 Nationwide Class.

55.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy, because, *inter alia*, it is economically infeasible for Rule 23 Nationwide Class members to prosecute individual actions of their own given the relatively small amount of damages at stake for each individual along with the fear of reprisal by their employer. Prosecution of this case as a Rule 23 Class action will also eliminate the possibility of duplicative lawsuits being filed in state and federal courts throughout the nation.

56.     This case will be manageable as a Rule 23 Class action. Plaintiffs and their counsel know of no unusual difficulties in this case and Defendant has advanced, networked computer and payroll systems that will allow the class, wage, and damages issues in this case to be resolved with relative ease.

57.     Because the elements of Rule 23(b)(3) are satisfied in this case, class certification is appropriate. *Shady Grove Orthopedic Assoc., P.A. v. Allstate Ins. Co.*, 559 U.S. 393; 130 S. Ct. 1431, 1437 (2010) ("[b]y its terms [Rule 23] creates a categorical rule entitling a plaintiff whose suit meets the specified criteria to pursue his claim as a class action").

58.     Because Defendant acted and refused to act on grounds that apply generally to the Rule 23 Nationwide Class and declaratory relief is appropriate in this case with respect to the Rule 23 Nationwide Class as a whole, class certification pursuant to Rule 23(b)(2) is also appropriate.

/ / /

/ / /

/ / /

/ / /

/ / /

COLLECTIVE AND CLASS ACTION COMPLAINT

**COUNT I**
**(29 U.S.C. § 216(b) Collective Action)**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT,**
**29 U.S.C. § 201, et seq. -- FAILURE TO PAY OVERTIME**

59.     Plaintiffs re-allege and incorporate all previous paragraphs herein.

60.     At all times relevant to this action, Defendant was an employer under 29 U.S.C. § 203(d) of the FLSA, subject to the provisions of 29 U.S.C. § 201, *et seq*.

61.     Defendant is engaged in interstate commerce, or in the production of goods for commerce, as defined by the FLSA.

62.     At all times relevant to this action, Plaintiffs were "employees" of Defendant within the meaning of 29 U.S.C. § 203(e)(1) of the FLSA.

63.     Plaintiffs either (1) engaged in commerce; or (2) engaged in the production of goods for commerce; or (3) were employed in an enterprise engaged in commerce or in the production of goods for commerce.

64.     Defendant has had, and continues to have, an annual gross business volume in excess of $500,000.

65.     At all times relevant to this action, Defendant "suffered or permitted" Plaintiffs and all similarly situated current and former employees to work and thus "employed" them within the meaning of 29 U.S.C. § 203(g) of the FLSA.

66.     At all times relevant to this action, Defendant required Plaintiffs and all similarly situated current and former Class members to perform 5 to 10 minutes of preliminary boot-up/log-in activities per shift, but failed to pay these employees the federally mandated overtime compensation for all services performed.

67.     The preliminary off-the-clock work performed by Plaintiffs and all similarly situated Class members every session is an essential part of their jobs and these activities and the time associated with these activities is not *de minimis*.

68.     In workweeks where Plaintiff and other Class members worked 40 hours or more, the uncompensated preliminary boot-up/log-in time should have been paid at the federally mandated rate of 150% of each employee's regularly hourly wage.  29 U.S.C. § 207.

COLLECTIVE AND CLASS ACTION COMPLAINT

69.     Defendant's violations of the FLSA were knowing and willful. Defendant knew or could have easily determined how long it took for its customer service representatives to complete the preliminary boot-up/log-in process and Defendant could have properly compensated Plaintiffs and the Class for the preliminary work they performed, but did not.

70.     The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the Act, an employee is entitled to his or her unpaid wages (and unpaid overtime if applicable) plus an additional equal amount in liquidated damages (double damages), plus costs and reasonable attorneys' fees.

**COUNT II**
**(Rule 23 Nevada Class Action)**
**VIOLATIONS OF N.R.S. §§ 608.016, 608.018, and 608.260 – FAILURE TO PAY WAGES**
**AND OVERTIME UNDER NEVADA LAW**

71.     Plaintiffs re-allege and incorporate all previous paragraphs herein.

72.     All members of the Rule 23 Nevada Class are entitled to their regular wages and/or overtime pursuant to Nevada's wage and hour laws, N.R.S. §§ 608.016, 608.018, and 608.260.

73.     Defendant, Plaintiffs and the Rule 23 Nevada Class members are "employers" and "employees" for the purposes of the NCWHA.

74.     N.R.S. § 608.016 states that an "employer shall pay to the employee wages for each hour the employee works."

75.     N.R.S. § 608.018 states that an employee must be paid overtime, equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week or eight (8) hours per day assuming the employee earns less than 1.5 times the Nevada minimum wages.

76.     N.R.S. § 608.260 allows employees to "bring a civil action to recover the difference between the amount paid to the employee and the amount of the minimum wage."

77.     By failing to pay Plaintiffs and members of the Rule 23 Nevada Class for all of the time they worked (including a payment equal to 1.5 times their ordinary wage on that time), including the time they worked in connection with the preliminary start-up/log-in process, Defendant violated N.R.S. §§ 608.016, 608.018, and 608.260.

78.     Defendant's violations of N.R.S. §§ 608.016, 608.018, and 608.260 were intentional and, as such, the three-year statute of limitation found in N.R.S. § 11.190(3) applies to those claims.

79.     Defendant's actions discussed above were willfully oppressive, fraudulent and malicious, entitling Plaintiff and the Rule 23 Nevada Class to punitive damages.

80.     Defendant violated Nevada law, including N.R.S. §§ 608.016, 608.018, and 608.260 by regularly and repeatedly failing to compensate Plaintiffs and the Rule 23 Nevada Class for the time spent on the work activities described in this Complaint. As a result, Plaintiffs and the Rule 23 Nevada Class have and will continue to suffer loss of income and other damages. Accordingly, Plaintiffs and the Rule 23 Nevada Class are entitled to recover unpaid wages owed, plus costs, interest, attorneys' fees, and other appropriate relief under Nevada law, including, but not limited to all damages, fees and costs, available under N.R.S. §§ 608.005 *et seq.*

**Count III**
**(Rule 23 Nationwide Class Action)**
**<u>BREACH OF CONTRACT</u>**

81.     Plaintiffs re-allege and incorporate all previous paragraphs herein.

82.     At all times relevant to this action, Defendant had contracts with Plaintiffs and every other Rule 23 Nationwide Class member to pay each employee for each hour they worked at a pre-established (contractual) regularly hourly rate.

83.     Each Rule 23 Nationwide Class member's contractual hourly rate is identified in paystubs and other records that Defendant prepares as part of its regular business activities.

84.     Plaintiff and every other Rule 23 Nationwide Class member accepted the terms of Defendant's contractual promises and performed under the contract by doing their jobs and carrying out the work they performed each shift, including the unpaid off-the-clock work that was required of them, that they performed, and that was accepted by Defendant, in connection with the pre-shift work activities described herein.

85.     By not paying Plaintiffs and every other Rule 23 Nationwide Class member the agreed upon hourly wage for the preliminary boot-up/log-in activities performed prior to clocking

COLLECTIVE AND CLASS ACTION COMPLAINT

1  in for each shift, Defendant systematically breached its contracts with Plaintiffs and each member

2  of the Rule 23 Nationwide Class.

3         86.    This claim is appropriate to the extent Plaintiffs' and the Rule 23 Nationwide Class

4  members' remedies under the FLSA or Nevada law are inadequate in that Defendant paid them

5  more than the applicable minimum wage but less than 40 hours per week (i.e., pure "gap time"

6  claims).

7         87.    Defendant also breached its duty of good faith and fair dealing by failing to keep

8  track of the time Plaintiffs and other Rule 23 Nationwide Class members spent performing

9  preliminary work, which is a fundamental part of an "employer's job."

10        88.    As a direct and proximate result of Defendant's breaches of the contracts alleged

11 herein, Plaintiffs and every other member of the Rule 23 Nationwide Class have been damaged, in

12 an amount to be determined at trial.

13        89.    These claims are appropriate for nationwide class certification under Rules 23(b)(2)

14 and (b)(3) because the law of contracts is substantially the same throughout the United States.

15                              **RELIEF REQUESTED**

16        WHEREFORE, Plaintiffs, Maureen Clark and Sonya Alexander, request an entry of an

17 Order the following relief:

18        a.     Certifying this case as a collective action in accordance with 29 U.S.C. §
19               216(b) with respect to the FLSA claims set forth herein (Count I);

20        b.     Certifying this action as a class action (for the Rule 23 Nevada Class)
                 pursuant to Rule 23(b)(2) and (b)(3) with respect to Plaintiffs' state law
21               claim (Count II);

22        c.     Certifying this action as a class action (for the Rule 23 Nationwide Class)
23               pursuant to Rule 23(b)(2) and (b)(3) with respect to Plaintiffs' breach of
                 contract claim (Count III);

24
25        d.     Ordering Defendant to disclose in computer format, or in print if no
                 computer readable format is available, the names and addresses of all
26               collective action Class members and Rule 23 Class members, and permitting
                 Plaintiffs to send notice of this action to all those similarly situated
27               individuals, including the publishing of notice in a manner that is reasonably
                 calculated to apprise the class members of their rights by law to join and
28               participate in this lawsuit;

14
COLLECTIVE AND CLASS ACTION COMPLAINT

e.    Designating Plaintiffs as the representatives of the FLSA collective action Class, the Rule 23 Nevada Class, and the Rule 23 Nationwide Class and undersigned counsel as Class counsel for the same;

f.    Declaring Defendant willfully violated the FLSA and the Department of Labor's attendant regulations as cited herein;

g.    Declaring Defendant violated N.R.S. §§ 608.016 and 608.018 and that said violations were intentional, willfully oppressive, fraudulent and malicious;

h.    Declaring Defendant breached its contracts with Plaintiffs and the members of the Rule 23 Nationwide Class by failing to pay them for each hour they worked at a pre-established (contractual) regularly hourly rate;

i.    Granting judgment in favor of Plaintiffs and against Defendant and awarding Plaintiffs and the collective action Class, the Rule 23 Nevada Class, and the Rule 23 Nationwide Class, the full amount of damages and liquidated damages available by law;

j.    Awarding reasonable attorneys' fees and costs incurred by Plaintiffs in filing this action as provided by statute;

k.    Awarding pre- and post-judgment interest to Plaintiffs on these damages; and

l.    Awarding such other and further relief as this Court deems appropriate.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

COLLECTIVE AND CLASS ACTION COMPLAINT

## JURY DEMAND

Plaintiffs, Maureen Clark and Sonya Alexander, individually and on behalf of all others similarly situated, by and through their attorneys, hereby demand a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and the court rules and statutes made and provided with respect to the above entitled cause.

DATED this 21st day of September, 2016

**WOLF, RIFKIN, SHAPIRO,**
**SCHULMAN & RABKIN, LLP**

By: ____*/s/ Don Springmeyer*____
Don Springmeyer
Nevada Bar No. 1021
Bradley S. Schrager
Nevada Bar No. 10217
Justin C. Jones
Nevada Bar No. 8519
3556 E. Russell Road, Second Floor
Las Vegas, Nevada 89120
(702) 341-5200/Fax: (702) 341-5300
dspringmeyer@wrslawyers.com
bschrager@wrslawyers.com
jjones@wrslawyers.com

Kevin J. Stoops (PHV)
Jesse L. Young (PHV)
SOMMERS SCHWARTZ, P.C.
One Towne Square, 17th Floor
Southfield, Michigan 48076
248-355-0300
kstoops@sommerspc.com
jyoung@sommerspc.com

Jason T. Brown (PHV)
Nicholas Conlon (PHV)
JTB LAW GROUP, L.L.C.
155 2nd Street, Suite 4
Jersey City, NJ 07302
Phone: (201) 630-0000
jtb@jtblawgroup.com
nicholasconlon@jtblawgroup.com

COLLECTIVE AND CLASS ACTION COMPLAINT