# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

MAUREEN CLARK and SONYA ALEXANDER, individually, and on behalf of all others similar situated,

        Plaintiffs,

vs.

BANK OF AMERICA, N.A.,

        Defendant.

Case No.: 2:16-cv-02228-GMN-VCF

**ORDER**

Pending before the Court is the Motion to Dismiss, (ECF No. 29) filed by Defendant Bank of America, N.A. ("Defendant"). Plaintiffs Maureen Clark ("Clark") and Sonya Alexander ("Alexander") (collectively "Plaintiffs") filed a Response, (ECF No. 30), and Defendant filed a Reply, (ECF No. 32). For the reasons discussed below, the Court **GRANTS in part and DENIES in part** Defendant's Motion.[1]

## I.   BACKGROUND

This case arises out of Defendant allegedly not paying Plaintiffs for work "from the beginning of the first principal activity of the workday to the end of the last principal activity of the workday." (Compl. ¶ 4, ECF No. 1). Clark worked at Defendant's call center in Las Vegas, Nevada, from April 1999 to May 2016, and Alexander worked at the same call center from June 2005 to December 2015. (*Id.* ¶¶ 18–19). While working there, Plaintiffs allege that before

---

[1] Also pending before the Court is Plaintiffs' Motion for Conditional Certification and Court-Authorized Notice to Potential Opt-In Plaintiffs, (ECF No. 19). However, because the Court is granting in part Defendant's Motion to Dismiss and providing leave to amend, the Court **DENIES as moot** Plaintiffs' Motion for Conditional Certification with leave to refile. Moreover, once Plaintiffs refile their Motion for Conditional Certification, Defendant will now follow the standard response deadline rather than the deadline provided in the parties' Stipulation, (ECF No. 28).

they could clock-in for their shifts, they were required to "boot up and log in to various computer programs, software programs, and applications in order to access required information and software," and that this process took "substantial time on a daily basis ranging from 5 to 10 minutes per day, and up to 30 minutes on days where their computers were not working properly." (*Id.* ¶¶ 21–22). Because of this, Plaintiffs allege that "Defendant failed to pay Plaintiffs and all similarly situated employees for their pre-shift time" it took to complete these tasks. (*Id.* ¶ 6).

On September 21, 2016, Plaintiffs filed their Complaint alleging three causes of action: (1) violation of the fair labor standards act; (2) violations of NRS §§ 608.016, 608.018, and 608.260; and (3) breach of contract. (*See generally* Compl.).[2] In the instant Motion, Defendant seeks to dismiss the first two causes of action pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II. <u>LEGAL STANDARD</u>

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient. *Twombly*, 550 U.S. at 555. Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

---

[2] Pursuant to the parties' Stipulation, (ECF No. 28), Plaintiffs' third cause of action for breach of contract has been voluntarily dismissed without prejudice. (Stip. 4:10–11).

Page 2 of 8

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

If the Court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## III. DISCUSSION

Defendant alleges that Plaintiffs' first cause of action under the Fair Labor Standards Act ("FLSA") "should be dismissed because Plaintiffs have not pleaded facts to state a claim for individual relief," and Plaintiffs' second cause of action "should be dismissed with prejudice because no private right of action exists for unpaid wages and unpaid overtime." (Mot. to Dismiss ("MTD") 2:12–16, ECF No. 29). The Court will address each cause of action in turn.

### A. Fair Labor Standards Act

The FLSA provides that employers must pay employees who work in excess of forty hours per week "at a rate not less than one and one-half times" their normal wages. 29 U.S.C. § 207(a)(1). In *Landers v. Quality Communications, Inc.*, 771 F.3d 638, 641 (9th Cir. 2014), the Ninth Circuit determined the level of specificity the post-*Iqbal* pleading standard requires of plaintiffs bringing FLSA claims. Specifically, the Ninth Circuit "decline[d] to make the approximation of overtime hours the *sine qua non* of plausibility for claims brought under the FLSA." *Landers*, 771 F.3d 638 at 641. Recognizing that employers are in control of "most (if

not all) of the detailed information concerning a plaintiff-employee's compensation and schedule," the court held that plaintiffs in FLSA cases "cannot be expected to allege 'with mathematical precision,' the amount of overtime compensation owed by the employer." *Id.* at 641–46.

In order to do this, plaintiffs must at a minimum "specify at least one workweek in which they worked in excess of forty hours and were not paid overtime wages." *Id.* at 646. The Ninth Circuit found that the specificity requirement "was designed to require plaintiffs to provide some factual context that will nudge their claim from conceivable to plausible." *Id.* at 643. Applying this standard to the claim before it, the court held that the plaintiff failed to create a plausible claim because he merely alleged that his employer did not compensate him above forty hours a week and did not indicate a specific workweek in which this occurred. *Id.* at 646.

In the instant case, Plaintiffs allege that, as a part of their jobs, "Plaintiffs and other Agents were required to boot up and log in to various computer programs, software programs, and application in order to access required information and software . . . [which] took substantial time on a daily basis ranging from 5 to 10 minute per day." (Compl. ¶ 21). Because of this, Plaintiffs allege that "Defendant's policies and practices deprived Plaintiffs and other Agents of wages owed for the preliminary work activities" and "deprived [Plaintiffs] of overtime pay at a rate of 1.5 times their regular rate of pay." (*Id.*¶ 32). This allegation alone would be insufficient under *Landers*.

Clark, however, provides additional details that do satisfy the level of specificity that *Landers* requires for FLSA claims. Specifically, Clark alleges that for the pay period ending November 1, 2013, she "was paid for 80.0 hours over ten (10) shifts plus 5.35 overtime hours" and "[w]ith pre-shift time of 5-10 minutes per shift, Plaintiff should have been paid an additional 50 to 100 minutes at her overtime rate of $24.72 for this two-week pay period." (*Id.*

¶ 33). Clark has therefore met the minimum standard in *Landers* by specifying "at least one workweek in which [she] worked in excess of forty hours and [was] not paid overtime wages." *See Landers*, 771 F.3d at 646. Because of this, the Court denies Plaintiff's Motion as to Clark's FLSA claim.

Conversely, Alexander's allegations do not contain enough specificity to meet the pleading standard. Alexander does not supplement the general allegation of uncompensated overtime pay with a specific workweek; instead, Alexander only relies on the allegation of a pattern of working unpaid overtime hours. Indeed, *Landers* holds that Alexander is not required to plead her claim with mathematical precision, but the pleading standard does require her to "draw on [her] memory and personal experience to develop factual allegations with sufficient specificity." *Landers*, 771 F.3d at 643, 646. Like her co-plaintiff, Alexander could have met this standard by specifying at least one workweek where her alleged additional work per shift caused her to work more than forty hours per week without overtime compensation. *See id.*; *see also Johnson v. Pink Spot Vapors Inc.*, No. 2:14-CV-1960–JCM–GWF, 2015 WL 433503, at *4 (D. Nev. Feb. 3, 2015). As such, the Court grants Defendant's Motion to Dismiss as to Alexander's FLSA claim.

**B. NRS § 608.016** *et seq.*

Plaintiffs' second cause of action alleges that "Defendant violated Nevada law, including N.R.S. §§ 608.016, 608.018, and 608.260 by regularly and repeatedly failing to compensate Plaintiffs and the Rule 23 Nevada Class for the time spent on the work activities described in this Complaint." (Compl. ¶ 80). As such, Plaintiffs allege that they are entitled to "recover unpaid wages owed, plus costs, interest, attorneys' fees, and other appropriate relief under Nevada law, including, but not limited to all damages, fees and costs, available under N.R.S. §§ 608.005 *et seq.*" (*Id.* ¶ 80).

Defendant seeks to dismiss this cause of action because "the exclusive remedy for any alleged failure to pay straight-time wages or overtime [pursuant to NRS §§ 608.016 and 608.018] lies with the Nevada Labor Commissioner's office" as "[t]here is no private right of action." (MTD 13:17–19). Indeed, this District has ruled on multiple occasions that these statutes do not provide for a private right of action. *See, e.g.*, *Johnson*, 2015 WL 433503, at *4; *McDonagh v. Harrah's Las Vegas, Inc.*, No. 2:13–CV–1744–JCM–CWH, 2014 WL 2742874, at *3 (D. Nev. June 17, 2014); *Dannenbring v. Wynn Las Vegas, LLC*, 907 F. Supp. 2d 1214, 1218 (D. Nev.2013) (concluding "that there is no private right of action under NRS § 608.018"). Because of this, the Court continues to hold that no private right of action exists under NRS § 608.016 and NRS § 608.018 and therefore concludes that Plaintiffs' second cause of action is barred as a matter of law. Accordingly, the Court dismisses Plaintiffs' second cause of action.[3]

### C. Leave to Amend

Rule 15(a)(2) of the Federal Rules of Civil Procedure permits courts to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit "ha[s] held that in dismissing for failure to state a claim under Rule 12(b)(6), 'a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

---

[3] Plaintiffs have also filed a Motion to Certify Question of Law to the Nevada Supreme Court or, Alternatively, to Stay Resolution of Defendant's Motion to Dismiss as to Plaintiffs' claims under NRS §§ 608.016 and 608.018, (ECF No. 31). Plaintiffs seek to certify the question: "Do Nevada employees have a private right of action to bring suit based upon alleged failure to pay (1) wages for all hours worked pursuant to NRS 608.016; and (2) overtime wages pursuant to NRS 608.018?" However, as discussed *supra*, numerous courts in this District have spoken on this matter, all unanimously holding that there is no private right of action provided in these statutes. Because this Court chooses to follow this District's precedent in recognizing that there is no private right of action under NRS §§ 608.016 and 608.018, Plaintiffs' Motion to Certify is **DENIED**.

Of the two claims in Defendant's Motion to Dismiss that the Court has granted, the Court finds that only Alexander's FLSA claim could possibly be cured. Because there is no private right of action for Plaintiffs to bring forth their second cause of action, amendment would be futile, and therefore the second cause of action is dismissed with prejudice.

As such, Plaintiffs shall file their second amended complaint within fourteen days of the date of this Order only amending Plaintiffs' first cause of action. Failure to file a second amended complaint by this date shall result in the Court dismissing Alexander's FLSA claim with prejudice, and the case will continue only on Clark's FLSA claim.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, (ECF No. 29), is **GRANTED in part and DENIED in part**. Specifically, Plaintiffs' first cause of action regarding Alexander's FLSA claim is **DISMISSED without prejudice** and Plaintiffs' second cause of action regarding Nevada law is **DISMISSED with prejudice**.

**IT IS FURTHER ORDERED** that Plaintiffs shall file their second amended complaint fourteen days after the issuance of this Order. Failure to file a second amended complaint by this date shall result in the Court dismissing Plaintiffs' first cause of action as to Alexander with prejudice and the case will continue only as to Clark's FLSA claim.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Conditional Certification and Court-Authorized Notice to Potential Opt-In Plaintiffs, (ECF No. 19), is **DENIED as moot** with leave to refile upon the filing of a second amended complaint.

///

///

///

///

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Certify a Question of Law to the Nevada Supreme Court, (ECF No. 31), is **DENIED**.

**DATED** this __30__ day of August, 2017.

_____
Gloria M. Navarro, Chief Judge
United States District Judge