# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

MAUREEN CLARK and SONYA ALEXANDER,

        Plaintiff,

vs.

BANK OF AMERICA, N.A.,

        Defendant.

Case No.: 2:16-cv-02228-GMN-VCF

**ORDER**

Pending before the Court is the Motion to Dismiss, (ECF No. 40), filed by Defendant Bank of America N.A., ("Defendant"). Plaintiffs Maureen Clark ("Clark") and Sonya Alexander ("Alexander") (collectively "Plaintiffs") filed a Response, (ECF No. 45), and Defendant filed a Reply, (ECF No. 46).

Also pending before the Court are Plaintiffs' Motion for Conditional Certification, (ECF No. 37), and Motion to Reconsider, (ECF No. 49).[1] Defendant filed a Response, (ECF No. 42), to the Motion for Conditional Certification, and Plaintiffs filed a Reply, (ECF No. 44).

## I.    BACKGROUND

This case arises out of alleged Fair Labor Standards Act ("FLSA") violations involving Defendant not paying Plaintiffs "from the beginning of the first principal activity of the workday to the end of the last principal activity of the workday." (Am. Compl. ¶ 4, ECF No. 36). Clark worked at Defendant's call center in Las Vegas, Nevada, from April 1999 to May 2016, and Alexander worked at the same call center from June 2005 to December 2015. (*See id.* ¶¶ 16, 27). Plaintiffs were employed as "hourly call center agents," which they termed

---

[1] Defendant filed a Non-Opposition to Plaintiffs' Motion for Reconsideration, (ECF No. 50).

1  "Agents." (*Id.* ¶ 2). While working there, Plaintiffs allege that before they could clock-in for their shifts, they were required to "boot up and login to various computer programs, software programs, and applications in order to access required information and software," and that this process took "substantial time on a daily basis ranging from 5 to 10 minutes per day, and up to 30 minutes on days where their computers were not working properly." (*Id.* ¶¶ 19, 20). Because of this, Plaintiffs allege that Defendant deprived Plaintiffs and other members of the putative class of wages owed for their preliminary work activities. (*See id.* ¶ 30). Plaintiffs allege these collective action allegations on behalf of "[a]ll current and former hourly customer service agents who worked for Defendant at any time after September 20, 2013." (*Id.* ¶ 35).

On September 21, 2016, Plaintiffs filed their Complaint alleging three causes of action: (1) violation of the fair labor standards act; (2) violations of NRS §§ 608.016, 608.018, and 608.020; and (3) breach of contract. (*See generally* Compl., ECF No. 1). On January 4, 2017, Defendant filed its first Motion to Dismiss. (*See generally* Mot. to Dismiss, ECF No. 29). The Court entered its Order on August 30, 2017, where it dismissed Alexander's FLSA claim without prejudice and Plaintiffs' second cause of action with prejudice regarding a private right of action pursuant to Nevada Revised Statutes ("NRS") §§ 608.016 and 608.018 with prejudice. (*See* Order, 7:10–20, ECF No. 35).

Plaintiffs filed an Amended Complaint and a Motion for Conditional Certification on September 13, 2017. (*See generally* Am. Compl., ECF No. 36); (*see generally* Mot. for Conditional Certification, ECF No. 42). In addition, Plaintiffs filed a Motion to Reconsider, which Defendant has filed a Non-Opposition. (*See generally* Mot. to Recons., ECF 49); (*see generally* Non-Opposition, ECF No. 50). On September 27, 2017, Defendant filed its Motion which seeks to, *inter alia*, Dismiss the Amended Complaint. (*See generally* Mot. to Dismiss, ECF No. 40).

## II. LEGAL STANDARD

### A. Motion to Dismiss

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp v. Twombly*, 550 U.S, 544, 555 (2007). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient. *Twombly*, 550 U.S. at 555. Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

### B. Motion to Reconsider

"[A] motion for reconsideration should not be granted, absent highly unusual circumstances." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (citation omitted).

Reconsideration is appropriate where: (1) the court is presented with newly discovered evidence, (2) the court committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. *School Dist. No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). However, a motion for reconsideration is not a mechanism for rearguing issues presented in the original filings. *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985). Furthermore, although the court enjoys discretion in granting or denying a motion under this rule, "amending a judgment after its entry remains an extraordinary remedy which should be used sparingly." *Allstate Ins. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (internal quotation marks and citation omitted).

## III. DISCUSSION

In the instant Motion, Defendant seeks dismissal only of Plaintiffs' collective action claims. (*See* Mot. to Dismiss 10:15–17). In the alternative, Defendant moves to strike Plaintiffs' collective action claims from the pleadings or for a more definite statement. (*Id.* 16:5–6).

Additionally, Plaintiffs move for reconsideration of their state law claims, which the Court dismissed in its initial Order. (*See generally* Mot. to Recons.); (*see* Order, 5:17–6:12). The Court will address each Motion in turn.

### A. Defendant's Motion to Dismiss the Collective Action Allegations

Defendant asserts two arguments in support of its Motion to Dismiss: (1) that a 12(b)(6) motion is the correct procedural vehicle to test the sufficiency of a collective action claim; and (2) that Plaintiffs have failed to allege a class of similarly situated individuals with comparable

positions and assignments harmed by a single policy, plan, or decision.[2] (*See* Reply, 6:17–19); (*see* Mot. to Dismiss 10:24–25, 12:23–24). The Court addresses each in turn.

### i. *The Appropriateness of a 12(b)(6) Motion to Dismiss*

As a threshold matter, Plaintiffs assert in their Response that a 12(b)(6) motion is procedurally improper for a collective action claim because it operates as an "end-run around" the two-stage conditional certification process. (*See* Response 2:13–14). Defendant argues that Plaintiffs must allege that the putative class is similarly situated to a "plausible degree, as required by *Iqbal* and *Twombly*." (Reply 10:6–7).

This District has determined that collective action allegations must survive Rule 12(b)(6) and state a claim for relief that is plausible on its face in order to move onto the conditional certification stage. *See Bogdon v. Newmont USA Ltd.*, No. 3:11-cv-00317-LDG, 2011 WL 6253151, at *3 (D. Nev. Dec. 2, 2011). A motion to dismiss does not consider whether a Plaintiff has raised facts to conditionally certify a collective action. *See id.* Rather, the Court looks to whether the Plaintiff has alleged sufficient facts that he or she may proceed to bring such a motion. *See id.* Thus, the Court determines that Defendant's 12(b)(6) Motion to Dismiss is an appropriate vehicle to test the sufficiency of Plaintiffs' collective action allegation and will address Defendant's Motion.

### ii. *Similarly-Situated Individuals*

In regards to the merits of Defendant's Motion, Defendant asserts that Plaintiffs have failed to allege that the putative class is "similarly situated." (*See* Mot. to Dismiss 10:19–16:4). To certify a class under the FLSA, a plaintiff must make substantial allegations that the putative

---

[2] Defendant's argument regarding the sufficiency of a motion to dismiss is contained in its Reply. (*See* Reply 6:17–10:17). In its Motion to Dismiss, Defendant makes two arguments in support of dismissing the collective action allegations: (1) that Plaintiffs have failed to allege a proposed collective with comparable positions and assignments; and, (2) that Plaintiffs have failed to allege that a single policy, decision, or plan harmed the entire putative collective group. (*See* Mot. to Dismiss 10:24–25, 12:23–24). For the sake of clarity, the Court considers Defendant's two arguments in support of dismissal together.

class members together were the victims of a single decision, policy, or plan. *See Wood v. TriVita Inc.*, No. cv.-08-0765-PHX-SRB, 2009 WL 2046048, at *3 (D. Ariz. Jan. 22, 2009). Courts in the Ninth Circuit have looked to several factors in determining whether plaintiffs are similarly situated for purposes of the FLSA, including:

> (1) Whether there is evidence that the alleged activity was part of an institution wide practice; (2) the extent of the similarities among the members of the proposed collective action, in particular whether the members all are challenging the same employment practice; and (3) the extent to which the members of the proposed action will rely on common evidence.

*Wood v. TriVita Inc.*, 2009 WL 2046048, at *4; *see also Longnecker v. Am. Exp. Co.*, No. 2:14-cv-0069-HRH, 2014 WL 4071662, at *4 (D. Ariz. Aug. 18, 2014); *see also Trinh v. JP Morgan Chase & Co.*, 2008 WL 1860161 at *3 (S.D. Cal. April 22, 2008).

In the initial stage of conditional certification, however, the plaintiff bears a very light burden. *See Prentice v. Fund for Public Interest Research, Inc.*, No C-06-776-SC, 2007 WL 2729187, at *2 (N.D. Cal. Sept. 18, 2007) (explaining that because "a motion for conditional certification typically comes before discovery, and is made in anticipation of a more searching review, a movant bears a very light burden in substantiating its allegations . . ."). Therefore, at the motion to dismiss stage, a plaintiff need only allege facts sufficient for the Court to conclude *as plausible* that the putative class members are similarly situated. *See Bogdon*, 2011 WL 6253151, at *3 (emphasis added).

In its Motion to Dismiss, Defendant relies heavily on *Creech v. Holiday CVS, LLC*, 2012 WL 4483384 (M.D. La. Sept. 28, 2012), and *Kemp v. Target Corp.*, 2013 WL 5289799 (N.D. Ala. Sept. 18, 2013). (*See* Mot. to Dismiss 11:10–20). However, not only are these cases from out of this circuit, but also they are factually distinguishable from the case at bar. In *Creech*, the plaintiff alleged only his own duties as a shift supervisor without giving any description about the parties he alleged to be "similarly situated" other than the fact that they "provided customer services." *See Creech*, 2012 WL 4483384 at *3. Additionally, the plaintiff's

allegation of the defendant's "systematic scheme," without more, was insufficient to establish a plausible violation. *See id.* In *Kemp*, the plaintiff failed to provide any job descriptions to describe the putative class and sweepingly alleged that the class included those individuals performing work requiring "equal skill, effort, and responsibility." *See Kemp*, 2013 WL 5289799 at *3.

Here, however, Plaintiffs have alleged both the putative class's job duties and Defendant's policy with more specificity than the plaintiffs in both *Creech* and *Kemp*. (*See* Am. Compl. ¶¶ 18–30, 35–36). Plaintiffs have alleged that the putative class consists of employees who "respond[] to client inquiries regarding account balances, account activity, and interest rates; assist[] clients with online technical issues; and explain[] and process[] client transactions." (Am. Compl. ¶ 18). Plaintiffs have also excluded from this class "Defendant's executives, administrative, and professional employees, including computer professionals and outside sales persons." (*Id.* ¶ 36). Further, Plaintiffs have alleged sufficient facts regarding Defendant's policy, plan, or decision. (*See id.* ¶¶ 19–30). Plaintiffs allege that Defendant used its attendance policies to coerce Plaintiffs into coming in early to boot up their computers and did not instruct Plaintiffs to refrain from this activity until their scheduled start time. (*See id.* ¶ 27–29).

Although Defendant correctly points out that Plaintiff inconsistently uses "customer service agent" and "call center agent" interchangeably, this is insufficient to substantiate a motion to dismiss. (*See* Mot. to Dismiss 12:1–9). Moreover, the question still remains as to whether the putative class will actually be certified, but at the present stage, Plaintiffs have alleged sufficient facts to survive Rule 12(b)(6). As such, Plaintiffs have asserted facts to plausibly infer that there are other groups of similarly-situated employees who are subject to Defendant's same alleged policies. Accordingly, Defendant's Motion to Dismiss Plaintiff's collective action allegations is denied.

### i. *Defendant's Alternative Motion to Strike and Motion for a More Definite Statement*

If Defendant's Motion to Dismiss is denied, Defendant moves the Court to alternatively strike portions of the FAC or require a more definitive statement. The Court will address each alternative Motion in turn.

Defendant first seeks in the alternative to strike Plaintiffs' putative collective action allegations "because Plaintiffs have failed to plead facts to support any plausibly basis for collective relief, much less *nationwide* collective relief." (Mot. to Dismiss 10:21–23) (emphasis in original). A court may grant a motion to strike if the contested language constitutes an "insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed .R. Civ. P. 12(f). Moreover, federal courts generally disfavor motions to strike. Orquiza v. Walldesign, Inc., No. 2:11-CV-1374 JCM CWH, 2012 WL 2327685, at *6 (D. Nev. June 19, 2012). Here, as discussed *supra*, the Court does not find that Plaintiff failed to plead facts to support a plausible basis for nationwide collective relief. Additionally, the Court does not find that Plaintiffs' allegations are immaterial or impertinent. Accordingly, Defendant's Motion to Strike in the alternative is denied.

If Defendant's Motion to Dismiss and Motion to Strike are denied, then Defendant seeks in the alternative for a more definite statement. Specifically, Defendant argues that "[t]he putative collective, alternatively defined as 'customer service agents,' or 'call center Agents' is defined according to positions that were not held by Plaintiffs or anyone else at the Bank during the relevant time period." (Mot. to Dismiss 16:19–21). Defendant continues, "[t]his forces Defendant to guess which position or positions the putative collective actually includes. (*Id.* 16:21–22). "A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Rule 12(e) motions are viewed with

disfavor and are rarely granted because of the minimal pleading requirements of the Federal Rules. *Sagan v. Apple Computer, Inc.*, 874 F. Supp. 1072, 1077 (C.D. Cal. 1994). A Rule 12(e) motion is not a substitute for discovery; such a motion attacks unintelligibility in a pleading, not mere lack of detail. *Wood v. Apodaca*, 375 F. Supp. 2d 942, 949 (N.D. Cal. 2005). If the detail sought by a motion for more definite statement is obtainable through discovery, the motion should be denied. *Beery v. Hitatchi Home Elecs. (America), Inc.*, 157 F.R.D. 477, 480 (C.D. Cal. 1993). Here, the Court finds that Plaintiffs sufficiently plead the scope of their putative collective class necessary for the instant stage in the proceeding. The framing of the class, albeit inconsistent, is not overly vague or ambiguous and provides parameters by which Defendant can abide. Accordingly, the Court denies Defendant's request for a more definite statement and denies the entirety of Defendant's Motion.

### B. Plaintiffs' Motion to Reconsider

Plaintiffs move for reconsideration of their Nevada state law claims under Nevada Revised Statutes ("NRS") §§ 608.016, 608.018, and 608.260. (Mot. to Recons. 2:12–15). In its previous Order, the Court dismissed Plaintiffs' state law claims with prejudice because federal case law from this District confirmed that NRS § 608 did not support a private right of action for unpaid wages. (Order 5:17–6:12, ECF No. 35). However, Plaintiffs request reconsideration of these claims due to the Nevada Supreme Court's recent decision holding that a plaintiff has a private right of action under NRS § 608 pursuant to *Neville v. Eighth Judicial Dist. Court*, 406 P3d 499 (Nev. 2017). (*See* Mot. to Recons. 2:4–7).

In light of the Nevada Supreme Court's decision, and in light of Defendant's Non-Opposition, (ECF No. 50), the Court grants Plaintiff's Motion to Reconsider. Accordingly, the

Court grants Plaintiffs leave to file a second amended complaint only to re-allege their state law claims.[3]

IV. **CONCLUSION**

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, (ECF No. 40), is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Strike, (ECF No. 40), is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for a More Definite Statement, (ECF No. 40), is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Reconsider, (ECF No. 49), is **GRANTED**. Plaintiffs shall have fourteen (14) days from the filing date of this Order to file a second amended complaint with the revived state law claims. Failure to file a second amended complaint by this date shall result in the dismissal of Plaintiffs' claims with prejudice.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Conditional Certification, (ECF No. 37), is **DENIED as moot**.

**DATED** this __14__ day of June, 2018.

_____
Gloria M. Navarro, Chief Judge
United States District Judge

---

[3] Because the Court is permitting Plaintiffs to reallege their state law claims, the Court denies as moot Plaintiffs' Motion for Conditional Certification, (ECF No. 37). Plaintiffs may refile their Motion for Conditional Certification after the filing of the second amended complaint.