**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MAUREEN CLARK, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | Case No.: 2:16-cv-02228-GMN-VCF |
| vs. ) | |
| ) | **ORDER** |
| BANK OF AMERICA CORPORATION, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Pending before the Court is the Unopposed Motion for Approval of FLSA Collective Settlement, Named Plaintiff Service Payments, and Attorneys' Fees and Costs, (ECF No. 115), filed by Plaintiffs Maureen Clark and Sonya Alexander (collectively "Named Plaintiffs"). For the reasons discussed below, the Court **DENIES** the Motion in part and otherwise **DEFERS** ruling on the Motion, setting this matter for hearing.

The first issue presently impeding the Court's approval is that the Motion seeks approval of settlement through a one-step process, as opposed to a two-tiered approach. (Mot. Approval at 9–10). Plaintiffs' counsel provides an Email Notice, (Ex. D to Mot. Approval, ECF No. 115-4), purportedly sent to all Collective Members. According to the declaration of Plaintiffs' counsel, the Email Notice

> notified the Collective Members of the material terms of the settlement including: gross settlement amount ($1,755,000); Named Plaintiff Service Payments ($10,000); requested attorneys' fees ($526,500) and litigation costs ($70,000); settlement administration expense ($15,000); net settlement amount ($1,133,500); allocation formula; terms of release; date and time of approval hearing;[1] and *contact information for Plaintiffs' Counsel should the Collective Member(s) have*

---

[1] This statement is inaccurate. Counsel's declaration is dated April 15, 2020, and at that time, no such hearing had been scheduled. Thus, counsel could not have notified the Collective Members of the "date and time of approval hearing."

> *questions or concerns.* To date no Collective Member has voiced any concern with the Settlement or its terms.

(Stoops Decl. ¶ 43, Ex. B to Mot. Approval, ECF No. 115-2) (emphasis added). However, the Email Notice does not show that contact information for Plaintiffs' counsel was provided. Nor does the Email Notice demonstrate that the recipients had any notice of their ability to express concerns or objections.

Counsel's Email Notice, consequently, does not favorably compare to that in other cases where courts approved an FLSA settlement in a one-step process. *See Selk v. Pioneers Mem'l Healthcare Dist.*, 159 F. Supp. 3d 1164, 1176 (S.D. Cal. 2016) (explaining how the court was content with not all opt-in plaintiffs receiving formal notification of the settlement terms because, among other reasons, "approximately two-thirds of the class [was] aware that a settlement ha[d] been reached . . . the more active members of the class [were] aware of the actual settlement terms . . . and out of the plaintiffs who [were] aware of the Settlement, none ha[d] objected"). Indeed, most of the cases cited in the Motion as having approved a one-step settlement approval process involved detailed notices sent to opt-in plaintiffs that allowed them to make much more of an informed decision than what has occurred here. *See, e.g.*, *Koszyk v. Country Fin. a/k/a CC Servs., Inc.*, No. 16 CIV 3571, 2016 WL 5109196, at *2 (N.D. Ill. Sept. 16, 2016) ("The Settlement Notice sufficiently informs Eligible Settlement Class Members of the terms of the settlement, including the allocation formula, how Class Members may participate (or not participate), the estimated amount to which they are entitled, the scope of the release, and the request for attorneys' fees and costs."); *Bozak v. FedEx Ground Package Sys., Inc.*, No. 3:11-cv-00738-RNC, 2014 WL 3778211, at *3 (D. Conn. July 31, 2014) ("The moving parties have also presented to the Court, for its review, a proposed Notice and a plan to provide notice to the Eligible Settlement Class Members of the terms of the Settlement and the options facing the Settlement Class.").

The Court also has reservations regarding the Settlement Agreement's definitions of "Released Claims" in ¶ 1.2. (Settlement Agreement, Ex. A to Mot. Approval, ECF No. 115-1). Both subparagraph *a* (pertaining to Opt-in Plaintiffs and Named Plaintiffs) and subparagraph *b* (pertaining only to Named Plaintiffs) appear to include the release of claims going beyond the FLSA violations and violations of NRS §§ 608.016, 608.018, and 608.260 alleged in the Second Amended Complaint, (ECF No. 52). "Absent some knowledge of the value of the released claims, the fairness of the compromise remains indeterminate." *See, e.g.*, *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1352 (M.D. Fla. 2010) (citing 4 Alba Conte & Herbert B. Newberg, Newberg on Class Actions § 12:15, at 313 (4th ed. 2002) ("Of course, in order independently and objectively to evaluate the adequacy of the entire settlement . . . , the court must possess sufficient evidence or information to weigh the strengths and weaknesses of the additional . . . claims.")). "This is not to say that employees may never agree to ancillary terms when settling FLSA claims; but the court should closely scrutinize the fairness of such 'side deals' because they do not directly relate to any bona fide dispute over FLSA coverage or wages due." *Hogan v. Allstate Beverage Co.*, 821 F. Supp. 2d 1274, 1282 (M.D. Ala. 2011); *see also Jun Soo Lee v. Guyoungtech USA, Inc.*, 247 F. Supp. 3d 1257, 1263–64 (S.D. Ala. 2017). Without more information as to the value of the released claims, the Court is not inclined to approve ¶ 1.2's subparagraphs *a* and *b*.

The Court's above-mentioned concerns do not presently warrant denial of the Motion because the parties may be able to provide additional information that can convince the Court to find that a one-step settlement approval process and the Settlement Agreement's "Released Claims" provision are appropriate under the facts of this case. Accordingly, the Court **DEFERS** its ruling on these issues and sets the resolution for hearing.

One issue that need not be reviewed at the hearing is whether the Court will approve the confidentiality provisions included the Settlement Agreement. Confidentiality agreements are

contrary to the terms and purpose of the FLSA because such agreements "thwart[]the informational objective of the [FLSA's] notice requirement by silencing the employee who has vindicated a disputed FLSA right." *See Gamble v. Boyd Gaming Corp.*, No. 2:13-cv-01009-JCM-PAL, 2016 WL 3693743, at *8 (D. Nev. July 11, 2016) (quoting *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1242 (M.D. Fla. 2010)).  Here, the Settlement Agreement sets forth three confidentiality provisions applicable to Named Plaintiffs.  First, ¶ 4.1 states, in part: "If [Named Plaintiffs and their counsel] receive[] an inquiry about this Settlement from the media, they may respond only after the motion for approval of the Settlement has been filed with the Court and *only by confirming that the Civil Action has been resolved*." (emphasis added).

Next, ¶ 4.2 states:  "Notwithstanding the foregoing, the Parties shall have the right to disclose the terms of this Agreement as may be required under federal or state tax and/or securities laws or under generally accepted accounting principles, and to the extent required proceedings."  While this provision does not expressly preclude Named Plaintiffs from disclosing the settlement's terms, when read together with ¶ 4.1, such limitation is evident.

Lastly, ¶ 4.3 provides, in relevant part:

> And notwithstanding the foregoing, Named Plaintiffs understand and acknowledge that nothing in this prohibits or limits Named Plaintiffs from . . . volunteering information to . . . the Securities and Exchange Commission . . . or any other governmental [authority] . . . regarding this Agreement . . . .  The Named Plaintiffs recognize that, in connection with any such activity, *they must inform such authority that the information they are providing is confidential*.

(emphasis added).  Because these provisions are intended to prevent Named Plaintiffs from communicating about the vindication of their rights, the Court finds the provisions unreasonable and unenforceable.

///

///

## I. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiffs' Unopposed Motion for Approval of FLSA Collective Settlement, Named Plaintiff Service Payments, and Attorneys' Fees and Costs, (ECF No. 115), is **DENIED in part**. Specifically, the Court rejects the Settlement Agreement's confidentiality provisions (¶¶ 4.1, 4.2, 4.3) as unenforceable and unreasonable.

**IT IS FURTHER ORDERED** that the Court **DEFERS** its ruling as to the remainder of the Unopposed Motion, (ECF No. 115).

**IT IS FURTHER ORDERED** that the parties shall appear for a Motion hearing via Zoom Videoconference on September 30, 2020, at 2:00 p.m. to explain to the Court why the settlement should be approved and the case dismissed.

**IT IS FURTHER ORDERED** that the parties shall have until September 23, 2020, to file supplemental briefing to aid in the Court's decision as to the issues identified herein.

**DATED** this __31__ day of August, 2020.

_____
Gloria M. Navarro, District Judge
United States District Court