UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| MAUREEN CLARK and SONYA ALEXANDER, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BANK OF AMERICA, N.A.,<br><br>Defendant. | Case No. 2:16-cv-02228-GMN-VCF<br><br>Assigned to the Honorable Gloria M. Navarro<br><br>**ORDER GRANTING APPROVAL OF SETTLEMENT AND DISMISSING ACTION WITH PREJUDICE** |

Pending before the Court is the unopposed Motion of Plaintiffs Maureen Clark and Sonya Alexander (collectively, the "Named Plaintiffs") for Approval of their FLSA Collective Settlement with Defendant Bank of America, N.A ("Defendant") (the "Motion"). (Pls.' Mot.., ECF No. 115).

Having reviewed and considered the Motion, (ECF No. 115), the Supplemental Brief, (ECF No. 121), and the applicable law, the Court now enters this Approval Order and FINDS, CONCLUDES, and ORDERS as follows:[1]

---

[1] Except as otherwise specified herein, for purposes of this Approval Order, the Court

**I.    NATURE OF CIVIL ACTION**

Named Plaintiffs allege and/or contend in this Civil Action, among other things, that Defendant failed to comply with applicable federal and state wage and hour laws, including limitation by failing to pay them and the Opt-In Plaintiffs for all hours worked, including overtime, in violation of the Fair Labor Standards Act ("FLSA") and applicable state laws;

Defendant denies each of the allegations and contentions made against it in this Civil Action, including without limitation in the Complaint, the First Amended Complaint and the Second Amended Compliant and deny that the Named Plaintiffs or the Opt-In Plaintiffs are entitled to recovery on any of the Released Claims.  Defendant denies that the Civil Action may be properly maintained, including, but not limited to, as a collective action under the FLSA or otherwise.

**II.    JURISDICTION**

This Court has jurisdiction over the subject matter of this Civil Action and all matters related to this Civil Action, including all claims alleged and contentions made in thise Civil Action and/or released in the Agreement, and has personal jurisdiction over the Named Plaintiffs, Defendant and all Opt-In Plaintiffs.  More specifically, this Court has federal question jurisdiction over this Civil Action pursuant to 28 U.S.C. § 1331, and Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).  This Court also has supplemental jurisdiction over the state-law Released Claims because those claims derive from a common nucleus of operative fact and form part of the same case or controversy as those claims over which the Court has primary jurisdiction.  *See* 28 U.S.C. § 1367 (providing for supplemental jurisdiction over related state-law claims that "form part of the same case or controversy");

---

adopts all defined terms set forth in the Parties' Settlement Agreement ("Agreement"), which is incorporated herein by this reference as though set forth in full and made a part hereof.

*United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1996) (federal courts have supplemental jurisdiction over state law claims that arise from the same "common nucleus of operative fact" such that the parties "would ordinarily be expected to try them all in one judicial proceeding").

### III.    APPROVAL OF AGREEMENT

The Court has reviewed and considered the terms of the Agreement, including Defendant's agreement to provide a $1,775,000 Gross Fund, the plan of allocation of the Gross Fund, and the provisions pertaining to Released Claims. The Court has also read and considered Plaintiffs' Motion and its supporting memoranda, exhibits and evidence, including the declaration of Kevin Stoops in support of the motion. Based on the Court's review and consideration of those papers, and the Court's familiarity with this case, the Court finds and concludes that the Agreement is the result of arms-length negotiations between the Parties after Plaintiffs' Counsel adequately investigated the Released Claims of the Named Plaintiffs and the Opt-In Plaintiffs and became familiar with their strengths and weaknesses.

The Court also finds and determines that the Individual Settlement Payments to be made to the Named Plaintiffs and the Opt-In Plaintiffs, as provided for in the Agreement, are fair and reasonable. The Court further finds and determines that the Agreement's allocation of the Gross Fund is rationally related to the relative strengths and weaknesses of the Released Claims.

The Court additionally finds and determines that the Agreement is not a concession or admission of liability by Defendant, and it shall not be used or construed for any purpose against Defendant as an admission of liability with respect to any alleged claim of any fault or omission by Defendant.

### IV.    APPROVAL OF DISTRIBUTION OF PAYMENT NOTICES AND INDIVIDUAL SETTLEMENT PAYMENTS

Plaintiffs have submitted for this Court's approval a proposed Payment Notice (Exhibit

C to the motion). The Court finds and determines as follows with respect to that document:

      A.      The Payment Notice fairly, plainly, accurately, and reasonably informs the Opt-In Plaintiffs of: (1) appropriate information about the nature of this Civil Action, the identity of Plaintiffs' Counsel, and the essential terms of the Agreement, including the plan of allocation and how Individual Settlement Payments were calculated; (2) appropriate information about the amounts being allocated to the Named Plaintiffs as Service Payments and to Plaintiffs' Counsel as attorneys' fees and costs; (3) appropriate instructions as to how to obtain additional information regarding this Civil Action and the Agreement; and (4) what claims will be released as part of the settlement.

      B.      The proposed plan for distributing the Payment Notice, which shall transmit the Individual Settlement Payments, is reasonably calculated to reach all Opt-In Plaintiffs who are bound by the Agreement. Under the plan set forth in the Agreement, a professional Settlement Administrator, Simpluris, Inc., shall distribute the Payment Notices and Individual Settlement Payments to all Opt-In Plaintiffs in accordance with the terms set forth in the Agreement. In addition, the Settlement Administrator shall take all reasonable steps to obtain the correct mailing address of any Opt-In Plaintiff whose Payment Notice and Individual Settlement Payment is returned as undeliverable, and shall attempt a re-mailing as set forth in the Agreement.

Accordingly, the Court finds and concludes that the proposed plan for distributing the Payment Notice and Individual Settlement Payments is the most practicable under the circumstances and satisfies all legal and due process requirements.

## V. NAMED PLAINTIFFS' AND OPT-IN PLAINTIFFS' RELEASE OF CLAIMS

The Court has reviewed and considered the provisions in the Agreement setting forth the Released Claims and finds such provisions to be fair, reasonable, and enforceable under the FLSA and all other applicable laws. Named Plaintiffs and each Opt-In Plaintiff shall be and hereby are bound by the release of the Released Claims for the Release Period and all other

terms and provisions of the Agreement.

## VI. EFFECTUATING AGREEMENT

The Parties, as well as all Opt-In Plaintiffs, shall and hereby are ordered to comply with this Approval Order and all terms of the Agreement.

## VII. SERVICE PAYMENTS TO THE NAMED PLAINTIFFS

The Court approves a $5,000 Service Payment to each Named Plaintiff, as set forth in the Agreement.  The Court finds that the Named Plaintiffs have taken significant actions to protect the interests of the Opt-In Plaintiffs, and the Opt-In Plaintiffs have benefited considerably from those actions.  Furthermore, Plaintiffs' Counsel attest that the Named Plaintiffs were substantially involved in the proceeding throughout the Civil Action.

## VIII. PLAINTIFFS' COUNSEL'S AWARD OF ATTORNEYS' FEES AND LITIGATION COSTS AND EXPENSES

The Court finds and determines that the payments of $526,500 in attorneys' fees and up to a maximum amount of $70,000 in litigation expenses and costs to Plaintiffs' Counsel are fair and reasonable.  *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002); *Chemical Bank v. City of Seattle (In re Washington Public Supply Sec. Litig.)*, 19 F.3d 1291, 1297 (9th Cir. 1994); *Paul, Johnson, Alston & Hunt v. Graulty*, 888 F.2d 268, 272 (9th Cir. 1989); *Six Mexican Workers v. Arizona Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990).

## IX. SETTLEMENT ADMINISTRATION EXPENSES

The Court approves the appointment of Simpluris, Inc. as the Settlement Aadministrator and the payment of settlement administration fees, costs and expenses in the amount of $15,000, pursuant to the Agreement.

X.     **ENFORCEMENT OF OBLIGATIONS**

Nothing in this Approval Order shall preclude any action to enforce the Parties' obligations under the Agreement or this Approval Order, including the requirement that Defendant make the Individual Settlement Payments in accordance with the terms of the Agreement and the permanent injunction set forth in this Approval Order.

XI.    **FINAL JUDGMENT, PERMANENT INJUNCTION, AND DISMISSAL OF CIVIL ACTION WITH PREJUDICE**

Pursuant to this Approval Order, this Court hereby enters final judgment in the Civil Action, as defined by Federal Rules of Civil Procedure Rule 58(a)(1).

The Named Plaintiffs and Opt-In Plaintiffs, and anyone acting on behalf of any Named Plaintiff or Opt-In Plaintiff shall be and hereby are barred and enjoined from: (a) further litigation in this case; or (b) filing, or taking any action directly or indirectly, to commence, prosecute, pursue or participate on an individual, class, collective or other representative action basis any action, claim or proceeding against Defendant and/or any other Released Parties in any forum in which any of the Released Claims are asserted in whole or in part and on any basis, or which in any way would prevent any such claims from being fully and finally extinguished by operation of this Approval Order.

This Civil Action shall be and hereby is dismissed with prejudice as to all Parties and the Opt-In Plaintiffs, with each side to bear its own costs and attorneys' fees except as expressly provided by the Agreement and this Approval Order.

The Court hereby finds and determines that, because the settlement set forth in the Agreement is made and approved pursuant to the FLSA, no notice to government officials, as contemplated under the Class Action Fairness Act in connection with the settlement of a class action, is not required pursuant to 28 U.S.C. section 1715.

**XII.   CONTINUING JURISDICTION**

Without affecting the finality of the Court's judgment and this Approval Order in any way, the Court retains jurisdiction over this Civil Action for purposes of resolving issues relating to the interpretation, administration, implementation, effectuation and enforcement of the Agreement and this Approval Order.

**XIII.   SETTLEMENT APPROVAL**

Based on all of these findings and the applicable legal standards, the Court concludes that the proposed Settlement meets all applicable criteria for settlement approval and Orders the Parties to distribute the payments required under the Settlement.

**XIV.   CONCLUSION**

**IT IS HEREBY ORDERED** that the unopposed Motion for Approval of FLSA Collective Settlement, Named Plaintiff Service Payments, and Attorneys' Fees and Costs, (ECF No. 115), is **GRANTED**.

**IT IS FURTHER ORDERED** that, good cause appearing, the Motion for Leave to File Excess Pages, (ECF No. 116), is **GRANTED**.

**IT IS FURTHER ORDERED** that the video hearing currently set for October 14, 2020, at 12:00 P.M. is **VACATED**.

The Clerk of Court is directed to close this case.

**DATED** this __13__ day of October, 2020.

_____
Gloria M. Navarro, District Court
United States District Court

The Honorable Gloria M. Navarro
UNITED STATES DISTRICT JUDGE